UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A., INC., ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CARTRIDGE WORLD OF NORTH ) <br> AMERICA, LLC, ) <br> Defendant ) | Case. No.: 1:24-cv-06753 |

**MOTION TO APPOINT RECEIVER**

NOW COMES Plaintiff, WHITEAMIRE CLINIC, P.A., INC. ("Whiteamire"), by and through its attorney, Ross M. Good, and petitions this honorable Court to appoint a Receiver in the instant matter pursuant to Fed. R. Civ. P. 69(a)(1) and 735 ILCS 5/2-415 in order to protect Plaintiff's interest, pursuant to a judgment entered on September 14, 2021, in any property belonging to or owed to Defendant.

**FACTUAL BACKGROUND**

1. On September 14, 2021, judgment was entered against Defendant and on behalf of Plaintiff in the Northern District of Ohio in the amount of $4,293,000 plus 28 U.S.C. § 1961 interest. On August 1, 2024, the judgment was registered in the United States District Court for the Northern District of Illinois. A copy of the Clerk's Certification of the Judgment is attached hereto and made a part hereof as **Exhibit 1.**

2. In August and September 2024, Citations to Discover Assets were issued against and served upon multiple third parties, all of whom were and continue to be franchisees of Defendant. *See* Doc 7-1 through Doc 7-6.

1

3. On September 12, 2024, Karrie Powers, one of the individuals upon whom a Citation to Discover Assets had been served, sent to counsel for Plaintiff a copy of her franchise agreement with Defendant along with several pieces of correspondence. *See* Doc 7-7. Ms. Powers indicated that, pursuant to her franchise agreement with Defendant, she was required to send them monthly royalties as outlined in the agreement. *Id.*

4. On September 24, 2024, Computer Corner, another franchisee upon whom a Citation to Discover Assets had been served, responded that it had in its possession frozen funds belonging to Defendant in the amount of $3,854.97. *See* Doc. 7-9.

5. To protect Plaintiff's judgment, and guard against Defendant's continued efforts to dissipate, improperly dispose of, or hide its assets in order to avoid satisfying its debt to Plaintiff, Plaintiff respectfully requests that the Court enter an Order appointing a receiver pursuant to 735 ILCS 5/12-718 (2008).

## BASES FOR APPOINTMENT OF A RECEIVER

6. Fed. R. Civ. P. 69(a)(1) states in part that "in proceedings supplementary to and in aid of judgment or execution—[enforcement of a money judgment] must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." As judgment in this matter has been registered and certified in Illinois, the laws of Illinois apply to the appointment of a receiver, in accordance with Fed. R. Civ. P. 69(a)(1).

7. The Illinois Code of Civil Procedure expressly provides for the appointment of a receiver to aid in the collection of a judgment, is expressly provided for in Illinois Code of Civil Procedure. The code specifically provides that "[w]hen assets or income of the judgment debtor not exempt from satisfaction of a judgment . . . are discovered, the court may, by appropriate

order or judgment . . . , [e]nter any order upon or judgment against the person cited that could be entered in any garnishment proceeding." 735 ILCS 5/2-1402(c)(4) (West 2006).

8.  Moreover, with regard to appointing a receiver for garnishment proceedings in particular, "the Court may compel the judgment debtor to do or to refrain from doing any specific act or deed; *or the court may appoint a receiver to collect any indebtedness or to take possession, sell or otherwise dispose of any other property, and enter all orders in regard thereto which are necessary and equitable between the parties."735 ILCS 5/12- 718* (West 2008) (*emphasis supplied*).

### WHY APPOINTMENT OF A RECEIVER IS ESSENTIAL TO PROTECT PLAINTIFF

9. Because Defendant has already circumvented the Citations to Discover Asserts and Rules to Show Cause, it is "necessary and equitable" to appoint a receiver to collect the judgment owed to Plaintiff.

10. At the time the $4,293,000 judgment was entered against Defendant, it had over 300 franchisees, each of whom was obligated to pay Defendant monthly royalties. During the underlying litigation, but before the judgment was entered against Defendant, Defendant sold all its assets to a newly created company, Cartridge World USA. Defendant did not file for bankruptcy or take any other steps to address the liability from the underlying litigation.

11. After Cartridge World USA was assigned the assets by Defendant, Cartridge World USA instructed Defendant's franchisees to remit payments to Cartridge World USA without replacing the existing contracts between Defendant and said franchisees.

12.  In response to some of the Citations to Discover Assets issued against third parties (franchisees), many have either refused to comply or failed to respond at all. In an e-mail dated

June 28, 2024, Daniel M. Janssen, one of Defendant's attorneys, wrote that there is "zero percent chance this judgment ever gets collected." *See* Doc 7-10. The Appellate Court of Illinois has held that a Defendant's failure to comply with the terms of court-ordered citations as well as a Defendant's past attempts to hide or dissipate assets provides a basis for a court to conclude that it must appoint a receiver. *See Bank of America v. Freed,* 971 N.E.2d 1087, 1095-1096 (1st Dist, 2nd Div. 2012).

13. Plaintiff has reason to believe that Defendant has and will continue to willfully take steps to dissipate, improperly dispose of, or hide its assets in order to avoid satisfying its debt to Plaintiff.

14. Defendant receives royalty payments on a monthly basis from over 300 franchisees. It would be overly cumbersome for the undersigned counsel to oversee these payments or adequately protect Plaintiff's interest in these payments.

15. The proposed receiver is Gregg Szilagyi. He is a resident of Illinois and is not related in any way to any of the parties or attorneys in this matter. A copy of his curriculum vitae is attached hereto and made a part hereof as **Exhibit 2.** Plaintiff proposes that Mr. Szilagyi will be represented by Terence G. Banich, a partner at the law firm of Katten Muchin. Mr. Banich has no interest, either direct or indirect, in the instant action. A copy of Mr. Banich's curriculum vitae is attached hereto and made a part hereof as **Exhibit 3.**

16. A proposed Order for the Appointment of Receiver is attached hereto and made a part hereof as **Exhibit 4.**

WHEREFORE, Plaintiff, WHITEAMIRE CLINIC, P.A., INC., respectfully requests that this honorable Court appoint Gregg Szilagyi as a receiver in this matter, and grant any other and further relief it deems appropriate.

Respectfully submitted,

        Respectfully Submitted,
        **Whiteamire Clinic P.A., Inc.**
        Plaintiff,

        _/s/*Ross M. Good*_____
        One of Plaintiff's Attorneys

Ross M. Good, Esq.
The Good Law Group
800 E. Northwest Hwy, Suite 814
Palatine, IL 60074
direct: (847) 600-9576
ross@thegoodlawgroup.com
Dated: November 4, 2024