# EXHIBIT 1

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard in Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs, go to: www.cookcountycourt.org/Manage-Cases/Court-Calendars/Law-Division-Calendars/Civil-Tab/12
Court Date: No hearing information was found.

Case: 1:24-cv-06753 Document #: 9-1 Filed: 11/04/24 Page 2 of 6 PageID #:303
Case: 1:16-cv-00226-DAP Doc #: 131 Filed: 08/25/23 1 of 1. PageID #: 5170

AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

FILED
10/13/2023 12:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L050549
Calendar, 5
24778046

FILED DATE: 10/13/2023 12:34 PM   2023L050549

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Ohio

| | |
|---|---|
| Whiteamire Clinic P.A., Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:16cv226 |
| Cartridge World North America, LLC et al | ) |
| *Defendant* | ) |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___09/14/2021___ .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:  08/25/2023



SANDY OPACICH, CLERK OF COURT

a/ Heather R. Sherer
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WHITEAMIRE CLINIC, P.A. INC., | ) | CASE NO.1:16CV226 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CARTRIDGE WORLD NORTH | ) | <u>ORDER</u> |
| AMERICA, LLC., AND JOHN DOES | ) | |
| 1-10 | ) | |
| | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, SR. J:**</u>

This matter is before the Court on Plaintiff Whiteamire Clinic, P.A.'s unopposed Motion for Attorney Fees, (ECF # 116), which requests one-third the amount of the award in this case.

This is a class action case brought by Plaintiff for receipt of two unsolicited faxes in violation of the Telephone Consumer Protection Act ("TCPA"). Defendant contested the claims until September 2018, when Defendant's counsel withdrew. Despite a warning from the Court that Defendant company could not represent itself, Defendant failed to obtain new counsel. From that point on the case proceeded without Defendant. The Court ultimately granted summary judgment on Plaintiff's individual claim and granted class certification as both motions were unopposed. On February 19, 2021, the Court granted summary judgment on Plaintiff's class claims in the amount of $4,293,000.00. The Court approved Notice of Judgment to the Class. Consequently, all claims have been resolved, leaving only Plaintiff's claim for attorney fees. On February 28, 2021, the Court ordered Plaintiff's counsel to submit a formal motion for fees on the record to allow the class to submit any objections. The Claims Administrator sent Notice to

FILED DATE: 10/13/2023 12:34 PM 2023L050549

the Class along with the fee request. On June 24, 2021, the Claims Administrator submitted a Declaration that no class member objected to the Judgment or Attorney Fee request.

The Sixth Circuit has approved of the use of a percentage of the common fund to award attorney fees. *See Rawlings v. Prudential Bache Properties, Inc.,* 9 F.3d 513, 517 (6th Cir.1993). ("For the reasons stated, we conclude that use of either the lodestar or percentage of the fund method of calculating attorney's fees is appropriate in common fund cases, and that the determination of which method is appropriate in any given case will depend upon its circumstances.") Therefore, there being no objection, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $1,416,690.00, which represents one-third of the amount awarded the class. This award satisfies the six factor test approved by the Sixth Circuit in *Rawlings*. In evaluating the reasonableness of the requested amount of attorneys' fees, the Court may additionally consider factors including: (1) the value of the benefit achieved for the plaintiff class; (2) the value of the attorneys' services; (3) whether counsel undertook the services on a contingent fee basis; (4) the public's interest in rewarding attorneys who produce such benefits; (5) the complexity of the action; and (6) the professional skill and standing of all counsel involved. *Lowther v. AK Steel Corp.,* No. 1:11-CV-877, 2012 WL 6676131, at *3 (S.D. Ohio Dec. 21, 2012) citing *Rawlings,* 9 F.3d at 516 17.

Plaintiff obtained a judgment in the amount of $4,293,000.00 after years of litigation, therefore, the value of the benefit achieved for the class factor is satisfied.

The second factor is satisfied because Plaintiff has shown that no one in the class brought an individual action as the pursuit of individual claims would not have been cost effective and there would have been no recovery for class claimants absent the efforts of counsel.

2

Plaintiff's counsel has taken this case on a contingency basis, thus, counsel took the risk of no compensation for the efforts expended and this factor favors approval of the award.

The public interest factor is satisfied as enforcement of the Telephone Consumer Protection Act serves the public by discouraging the use of robocalls and fax advertisements. Furthermore, the enforcement efforts fall largely on private litigants to protect the public.

The complexity of the action factor favors the award as well. Class actions are notoriously complex actions such that class litigation satisfies the complexity question. Furthermore, the length of this case and the highly contested nature of the proceedings (when Defendant had retained counsel), bears witness to the same. Plaintiff prevailing in this action was not a given as the dispositive motion practice and hotly contested discovery issues clearly demonstrate that recovery for the class was by no means clear cut, nor inevitable.

Moreover, the skill and standing of counsel favors the award as Plaintiff's counsel has demonstrated by prevailing in this case sufficient skill in light of the difficulties faced. In addition, counsel has provided a Declaration demonstrating he has twenty-five years experience. Thus, he has shown the requisite skill and standing to satisfy the last factor.

Furthermore, fee awards of one-third of the judgment awarded have been determined by courts in this Circuit to be within the range of reasonableness. See *Lowther v. AK Steel Corp.*, No. 1:11-CV-877, 2012 WL 6676131, at *2 (S.D. Ohio Dec. 21, 2012)(collecting cases); *In re CMS Energy ERISA Litig.*, No. 02 72834, 2006 WL 2109499, at *3 (E.D.Mich. June 27, 2006) (awarding attorneys' fees in the amount of 28.5% of the cash settlement fund); *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 380 (S.D.Ohio 2006) (request for award of attorney fees in the amount of 23% of the settlement was reasonable); *In re Nord Res. Corp. Sec. Litig.*, Nos.

3

C 3 90 380, C 3 90 391, C 3 90 409, C 3 90 410, 1992 WL 1258516 (S.D.Ohio Dec.9, 1994) (30% plus expenses); *In re Rio Hair Naturalizer Prods. Liab. Litig .,* No. MDL 1055, 1996 WL 780512, at *16 (E.D.Mich. Dec.20, 1996) (noting that fee awards typically range from 20% to 50% of the fund); *Kogan v. AIMCO Fox Chase, LP,* 193 F.R.D. 496, 503 04 (E.D.Mich.2000) (attorney fees of approximately 30% of the common fund); *New England Employees Pension Fund v. Fruit of the Loom,* 234 F.R.D. 627 (W.D.Ky.2006) (25% of total settlement funds); *Brotherton v. Cleveland,* 141 F.Supp.2d 907, 913 (S.D.Ohio 2001) (noting "range of reasonableness" of between 20% to 50% of common fund); *In re Telectronics Pacing Sys. Inc.,* 137 F.Supp.2d 1029, 1042 (S.D.Ohio 2001) (noting common fund range of 10% to 30%); *In re Southern Ohio Corr. Facility,* 173 F.R.D. 205, 218 (S.D.Ohio 1997), rev'd on other grounds, 24 F. App'x 520 (6th Cir.2001) (requested amount of 34% of the total amount of the common fund was within the range of reasonableness).

Therefore, for the foregoing reasons, the Court grants Plaintiff's Motion for Attorney Fees (ECF # 116) in the amount of $1,416,690.00. This is the sole remaining dispositive issue in this case as the Court has previously granted summary judgment for Plaintiff on all his individual and class claims, therefore, this action is closed. The Court retains jurisdiction over the case to determine the pending Motion to Compel Compliance with Subpoenas and any post- judgment motions.

IT IS SO ORDERED.

I hereby certify that this instrument is a true and correct copy of the original on file in my office.

Attest: Sandy Opacich, Clerk
U.S. District Court Northern District of Ohio

By: s/ Heather R. Sherer
    Deputy Clerk



/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge