**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WHITEAMIRE CLINIC, P.A., INC.,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case. No.: 1:24-cv-06753** |
| | ) | **Honorable Jeremy C. Daniel** |
| **CARTRIDGE WORLD NORTH** | ) | |
| **AMERICA, LLC,** | ) | |
| **Defendant** | ) | |

## ORDER GRANTING MOTION TO APPOINT RECEIVER

THIS CAUSE coming before the Court on the *Class Plaintiff's Motion to Appoint Receiver* (the "Motion"); the Court, having reviewed the Motion and being fully informed as to the premises, hereby FINDS that:

A.     Defendant/judgment debtor Cartridge World North America, LLC ("CWNA") and various third parties have failed to respond to or otherwise comply with citations to discover assets issued;

B.     The judgment entered by the United States District Court for the Northern District of Ohio (the "Rendering Court") on or about September 14, 2021 in civil action no. 1:16-cv-00226 (the "Underlying Action") in favor of the above-captioned certified class/judgment creditor (the "Class Plaintiff") and against CWNA (the "Judgment") remains entirely unsatisfied; and

C.     As a consequence of Class Plaintiff's registration of the Judgment in this federal district pursuant to 28 U.S.C. § 1963, this Court has jurisdiction ancillary to the original subject-matter jurisdiction exercised by the Rendering Court in the Underlying Action.

The Court, therefore, for cause shown, and pursuant to 735 ILCS 5/2-1402(c)(4), 735 ILCS 5/2-415 and 735 ILCS 5/12-718 (as made applicable hereto by Federal Rule of Civil Procedure 69(a)(1)) and its inherent powers, HEREBY ORDERS:

1

1.      The Motion is GRANTED.

2.      Gregg Szilagyi ("Receiver") is appointed receiver of judgment debtor Cartridge World North America, LLC. The Receiver is DIRECTED to liquidate the Judgment to cash for the benefit of the Class Plaintiff by locating and collecting assets that are or may be subject to the Judgment ("Assets").

3.      The Receiver has full powers of a federal equity receiver. Without limiting the generality of the foregoing, the Receiver is specifically authorized, directed and empowered to:

(a)      Have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), chosen in action, books, records, papers and other real or personal property, wherever located, of or managed by CWNA.

(b)      Have control of, and to be added as the sole authorized signatory for, all accounts of CWNA, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets, or which maintains accounts over which CWNA, and/or any of its respective employees or agents, have signatory authority.

(c)      Conduct an investigation of CWNA's assets, liabilities and transfers to third parties, creditors, insiders, equity holders and others;

(d)      Issue discovery, subpoenas and citations to discover assets as may be necessary to locate and recover Assets, including, without limitation, any indebtedness due or to become due to CWNA.

(e)      Institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as is necessary to carry out this order, and, if

necessary, commence civil actions in any court of competent jurisdiction (including this Court, under the ancillary jurisdiction to enforce federal judgments).

(f)     Have access to and monitor all mail and electronic mail of CWNA which the Receiver deems relates to CWNA's business and the discharging of his duties from February 1, 2016 to Present excluding privileged communications.

(g)     Engage and employ accountants and other professional persons to assist the Receiver in carrying out the provisions of this order.

4.     The Receiver has such other powers and authority as are reasonably incident to the powers and authority of a federal equity receiver generally and the powers and authority specifically enumerated in paragraph 3 of this order.

5.     CWNA and its current and former officers, directors, members, managers, insiders[1] and employees, are hereby ORDERED to cooperate with the Receiver by making available for inspection and copying by the Receiver as soon as reasonably possible:

(a)     All of CWNA's financial records, including those relating to their assets and transfers of CWNA assets (including, without limitation, to Cartridge World USA), wherever located and however held, for the period beginning February 1, 2016 to the present, both in hard copy and in electronic form, including access to all computer software and hardware containing CWNA's financial information;

(b)     A list of all CWNA's franchisees from September 14, 2021 through the present;

---

[1] "Insider" has the meaning ascribed to it by 11 U.S.C. § 101(31)(B), and the terms used therein have the meanings ascribed to them elsewhere in 11 U.S.C. § 101.

3

(c) All documents that relate in any way to royalty payments or other payments owed to CWNA by each of its franchisees;

(d) All communications by Cartridge World USA and/or its attorneys with any person or entity who received an Issued Citation as well as any citations to discover assets that the Receiver may hereafter cause the Clerk of the Court to issue;

(e) All documents that relate in any way to property currently owned by or in the possession of CWNA.

6. Any Assets recovered by the Receiver are property of the receivership estate. The Receiver will deposit such Assets in a receivership bank account and use them only as permitted by this order or a subsequent order of the Court.

7. The Receiver shall file a report of his activities at least every calendar quarter that states, among other things, the balance of the Receiver's bank account as of the end of the reporting period ("Quarterly Reports"). The Receiver may file a motion asking the Court to approve his Quarterly Reports.

8. The Receiver is deemed to be, and has full power of, a judgment creditor of CWNA under 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. As such, the Receiver has standing (concurrent with the Class Plaintiff) to pursue and enforce all citations to discover assets heretofore issued at the request of the Class Plaintiff by the Clerk of this Court (collectively, the "Issued Citations").

9. The Class Plaintiff (or their counsel) are DIRECTED to turn over to the Receiver any documents, information or cash turned over to them as a result of the Issued Citations.

10. To the extent that the Receiver reaches a settlement or compromise with any person or entity where the amount in controversy exceeds $15,000, the Receiver must file a motion with

4

the Court to approve the terms of such settlement or compromise. Otherwise, the Receiver is AUTHORIZED to enter into settlements or compromises without any need for Court approval (but the Receiver shall identify such settlements in his Quarterly Reports). The Receiver is authorized to collect the $4,293,000 judgment plus applicable interest pursuant to 28 U.S.C. § 1961 and fees and costs incident to collecting said judgment. (Doc. 2).

11.     The Receiver is AUTHORIZED to retain and employ Katten Muchin Rosenman LLP ("Katten") as his general counsel, effective as of October 21, 2024. The terms of Katten's retention, compensation and expense reimbursement as stated in its standard retention agreement are warranted, reasonable and appropriate under the circumstances, and accordingly are APPROVED.

12.     The Receiver may, in the ordinary course of business and without further order of the Court, use the Assets to pay any fees owed to, and reimburse and expenses incurred by, himself and Katten ("Fees and Expenses"). Each Quarterly Report must state the Fees and Expenses paid during the reporting period.

13.     The Receiver is appointed to the office of class administrator as created by an order of the Rendering Court, dated May 1, 2020.

14.     The Receiver may, as he deems necessary or expedient, file requests for instructions from the Court.

15.     The Receiver shall obtain a bond in the amount of $10,000 and file evidence thereof with the Court.

16.     The Court retains exclusive jurisdiction to hear and determine any disputes arising

out of or relating to this order.


ENTER:

Honorable Jeremy C. Daniel
United States District Judge