UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHITEAMIRE CLINIC, P.A., INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARTRDIGE WORLD NORTH ) <br> AMERICA, LLC ) <br> ) <br> Defendants. ) | Case No. 1:24-cv-06753 <br> Honorable Jeremy C. Daniel |

## RECEIVER'S FIRST PERIODIC REPORT

Gregg Szilagyi, acting not individually but solely in his capacity as the receiver of judgment debtor Cartridge World North America, LLC (the "Receiver"), pursuant to paragraph 7 of the *Order Granting Motion to Appoint Receiver*, dated December 3, 2024 [ECF #15] (the "Receiver Order"), hereby submits this first periodic report (this "Report") summarizing the activities performed by the Receiver for the period of December 3, 2024 through October 31, 2025 (the "Reporting Period"). This Report details the Receiver's investigation activities and other efforts since his appointment to locate and recover assets of the receivership estate to collect the judgment owed by defendant Cartridge World North America, LLC ("Defendant" or "CWNA") to plaintiff Whiteamire Clinic, P.A., Inc. ("Plaintiff").

I.  **FACTUAL BACKGROUND**

1.  The Cartridge World franchise ("Cartridge World") is a specialty retailer of ink and toner printer cartridges and bespoke business-to-business solutions and services, with hundreds of stores around the world. Beginning in or around February 2003, CWNA operated as the franchisor of Cartridge World's business within the United States.

2.  On February 1, 2016, Plaintiff commenced a lawsuit against Defendant in the United States District Court for the Northern District of Ohio (the "Ohio Court"), Case No. 1:16-

cv-00226-CAB (the "Ohio Litigation"), alleging that Defendant had unlawfully sent unsolicited advertisements via facsimile to Plaintiff and numerous other persons in violation of the Telephone Consumer Protection Act. (Ohio Litig., Docket No. 1.)

3. Defendant contested the Ohio Litigation until September 2018, when the Ohio Court granted the motion of Defendant's counsel to withdraw from the case. (Ohio Litig., Docket Nos. 89, 93.) The Ohio Court ordered Defendant to obtain new counsel by November 9, 2018, but Defendant failed to do so. (Ohio Litig., Docket No. 94.) Accordingly, the Ohio Litigation proceeded without Defendant's participation. Plaintiff then filed (i) an unopposed motion for class certification, proposing Plaintiff as class representative, and (ii) an unopposed motion for summary judgment on its individual claim, both of which the Ohio Court granted. (Ohio Litig., Docket Nos. 97-98, 104-05.)

4. On September 14, 2021, the Ohio Court entered a judgment against Defendant and in favor of the class plaintiffs in the amount of $4,293,000, plus post-judgment interest under 28 U.S.C. § 1961 (the "Judgment"), the entirety of which remains unsatisfied. (Ohio Litig., Docket Nos. 115, 128.)

5. On August 1, 2024, Plaintiff registered the Judgment in this District. [ECF #2]

6. At the time the Ohio Court entered the Judgment, Cartridge World had over 300 franchisees, each of whom was obligated to pay monthly royalty payments to the franchisor. (*See Motion to Appoint Receiver*, dated November 4, 2024 (the "Receiver Motion"), ¶ 10.) However, before the Judgment was entered, CWNA had sold all of its assets to a newly created company, Cartridge World USA ("CWUSA"). (*Id.*) Without modifying or replacing the existing contracts between CWNA and its franchisees, CWUSA, as the new Cartridge World franchisor, instructed those franchisees to remit all future royalty payments to CWUSA rather than CWNA. (*Id.* ¶ 11.)

7. In August and September 2024, prior to the Receiver's appointment, Plaintiff issued and served Citations to Discover Assets (collectively, the "Citations") upon various third parties (collectively, the "Citation Respondents") who were and/or are franchisees of the Cartridge World business. (*Id.* ¶ 2.). Based on responses received from certain Citation Respondents, Plaintiff had reason to believe that CWNA was willfully taking steps to dissipate, improperly dispose of, or hide its assets in order to avoid satisfying the Judgment, including by transferring its assets to CWUSA and redirecting all future royalty payments to CWUSA, as successor franchisor. (*Id.* ¶ 13.)

8. Accordingly, on November 4, 2024, Plaintiff filed the Receiver Motion, seeking appointment of the Receiver to liquidate the Judgment to cash for the benefit of Plaintiff by, among other things, (i) conducting an investigation of CWNA's assets, liabilities and transfers to third parties, (ii) issuing discovery, subpoenas and citations as may be necessary to locate and recover CWNA's assets, (iii) investigating and pursuing litigation, particularly including fraudulent transfer, successor liability and insider preference actions and (iv) adequately protecting Plaintiff's interest in the ongoing Cartridge World royalty payments.

9. On December 3, 2024, the Court entered the Receiver Order, which, among other things, appointed the Receiver with full powers of a federal equity receiver and directed him to locate and collect assets that are or may be subject to the Judgment.

## II. INVESTIGATION AND PURSUIT OF UNKNOWN ASSETS

10. The Receiver's initial goal has been to identify and locate all of CWNA's assets that may be recovered to satisfy the Judgment. Because CWNA transferred all of its assets to CWUSA prior to the Judgment being entered, the Receiver needed to investigate all dispositions of CWNA's assets, the nature of any such dispositions and what parties may currently possess CWNA's assets.

11. In February 2025, with the assistance of Plaintiff and its counsel, the Receiver issued and served Citations upon an additional group of Citation Respondents who were and/or are Cartridge World franchisees. [*See* ECF #18.] The primary purpose of these Citations was to determine whether the Citation Respondents were in possession of (i) any funds owed to any Cartridge World franchisor pursuant to their royalty payment obligations, which would be subject to collection by the Receiver to satisfy the Judgment and/or (ii) any documentation or information that may assist the Receiver to identify and locate CWNA's assets.

12. Based on responses to the additional Citations, among other investigation efforts, it now appears to the Receiver that, on or around December 1, 2022, CWUSA transferred substantially all of its assets (i.e., CWNA's assets) to a newly-formed entity, CWE America, LLC ("CWE America"), which succeeded CWUSA as Cartridge World franchisor. The Receiver also believes CWE America has instructed all franchisees to remit future royalty payments to it, rather than to CWUSA or CWNA.

13. Accordingly, the Receiver has begun issuing subpoenas to certain parties of interest whom the Receiver believes to have particularized knowledge, information or documentation regarding CWE America, its predecessor-franchisors, and the series of transactions that involved the transfer of CWNA's assets.

14. As of the filing of this Report, the Citations and subpoenas have not yet resulted in the Receiver's discovery of assets subject to collection to satisfy the Judgment. The Receiver's investigation continues.

**III.** **STATUS OF RECEIVER'S BANK ACCOUNT**

15. Pursuant to section 7 of the Receiver Order, each report must state "the balance of the Receiver's bank account as of the end of the reporting period."

4

16. As of October 31, 2025, the Receiver's bank account has a balance of $9,900.00. Other than the $100.00 fee for posting the court-ordered surety bond in connection with this matter [ECF #17], the Receiver has not expended any funds from its bank account to date.

## IV. CONCLUSION

17. Contemporaneously herewith, the Receiver is filing a motion to approve this Report and grant such further relief as the Court deems necessary and appropriate.

Dated: November 19, 2025          Respectfully submitted,

By:    */s/ Gregg Szilagyi*
        Gregg Szilagyi, Receiver